■ JOAN MCCRAIN, Respondent, et al., Plaintiff, v. CITY OF NEW YORK, Appellant.— Judgment in favor of plaintiff, in action for personal injuries based on malpractice, following verdict for $114,600 in favor of plaintiff, unanimously reversed, as a matter of discretion in the interest of justice, and on the law and the facts, the verdict vacated, and a new trial granted, unless defendant City of New York waives its lien on plaintiff's recovery for alleged hospital charges in the approximate amount of $28,000, and plaintiff stipulates to accept $60,000 in lieu of the amount awarded by the jury, in which event, the judgment shall be modified by being reduced to that amount with interest and costs from the date of verdict, and the judgment as thus modified affirmed, without costs of the appeal to either party. Because of the submission to the jury, albeit without objection, of improper items of damage, the gross excessiveness of the verdict, and because of the failure, also without objection or request, of the court to delineate properly the bases for compensation of plaintiff's injuries, a new trial is required, unless plaintiff stipulates to a reduced verdict. It is evident, questions of timeliness of claim aside, that, as conceded by defendant, the jury could find negligence, among other things, in diagnosis, treatment of the arm fracture, and treatment of decubiti. It is equally evident, however, that plaintiff was not sufficiently co-operative, and this failure critically frustrated treatment of decubiti and other conditions from which plaintiff suffered. This is established not only from the hospital records, but, confirmed even more significantly, by the home care records. With respect to the alleged failure to essay a myelogram or laminectomy, the best plaintiff's expert could project as a consequence was that plaintiff had lost a chance at cure. Such a limited probability obviously has limited compensability. So, too, the alleged failure to discover the fractured hip, shocking on first notice, is of less significance when plaintiff's total condition is considered and, particularly, her persistent rejection of efforts to endeavor to restore mobility and to prevent grave deterioration by decubiti. Through the facile handling and suggestion of plaintiff's counsel these elements were developed to the utmost, and beyond. In this unbalanced atmosphere, the trial court permitted itself to be overwhelmed with sympathy for plaintiff, a not unlikely event, but not a satisfactory one. The submission as an item of damage to the jury of the hospital lien in the approximate amount of $28,000 was improper (although without objection by defendant) since it included payment for substantial and proper care by the city, and some care, free from any claim of negligence. On the other hand, the city's bill may not be wholly compensable insofar as it may involve charges for services during a period when the jury found malpractice. In the light of the entire record, including especially the extended hospital and home care reports, it is evident that the amount of the verdict was grossly excessive. Assuming there was malpractice (and in the absence of proper objection or request plaintiff may rely on the entire period concerning which proof was offered) it is also true that plaintiff was responsible for much of her suffering and condition, independent of the accident proper. At best, she was deprived of a very remote chance at cure of the basic spinal neurological involvement. Under the circumstances, a reduced verdict, if plaintiff should so stipulate, is the better solution, rather than the delay of another protracted trial. So, too, waiver of the hospital lien by the city would be better than a doubtful litigation over the scope of its validity. This conditional procedure is permissible since, in the absence of proper objection, defendant is not entitled to a new trial, absolutely, as a matter of law (Civ. Prac. Act, § 583; cf. *Bishop* v. *New York Times Co.*, 233 N. Y. 446, 452-453). In making this disposition, it is not necessary at this time to pass on the question of the scope

of allowable recovery, beyond one year of the filing of the application to file a notice of claim, and forward beyond the beginning of the action. It suffices that on this trial defendant did not make proper objection (other than the inadequate 90-day objection) or request. It suffices that as to some allegedly negligent conduct there may be mixed questions of law and fact as to whether plaintiff's demands are relatable to a course of treatment or not. Again, with respect to these matters defendant made neither proper objection nor suitable request for a charge. On parallel reasoning, it is not necessary at this time, or, on this record, to determine whether the granting of leave by Special Term to file a claim under section 50-e of the General Municipal Law involves an adjudication of the contents of the proposed notice of claim. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.